1  Gregory K. Klingsporn (CA Bar No. 203649)
2  JORGENSON, SIEGEL, McCLURE &
      FLEGEL, LLP
3  1100 Alma Street, Suite 210
   Menlo Park, CA 94025
4  Telephone:   (650) 324-9300
   Facsimile:   (650) 324-0227
5  Email:       <gkk@jsmf.com>

6  Attorneys for Defendants
   BIOFOURMIS INC.; BIOFOURMIS CARE
7  FL PLLC; and BIOFOURMIS CARE NJ LLC

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11  CARENODES, LLC, a California          Case No. 2:24-cv-10411-JC
    limited liability company,
12                                        **DEFENDANTS' ANSWER AND**
                  Plaintiff,              **COUNTERCLAIM**
13
              v.
14
    BIOFOURMIS INC., a Massachusetts      **DEMAND FOR JURY TRIAL**
15  Corporation; BIOFOURMIS CARE FL
    PLLC, a Florida professional limited  Action filed: December 3, 2024
16  liability company; BIOFOURMIS
    CARE NJ LLC, a New Jersey limited
17  liability company,

18                Defendants.

19

20

21  BIOFOURMIS, INC., a Delaware
    Corporation,
22
                  Counterclaimant,
23
              v.
24
    CARENODES, LLC, a California limited
25  liability company,

26
                  Counterdefendant.
27

28

                         1

Defendants Biofourmis Inc. ("Biofourmis"), Biofourmis Care FL PLLC, and Biofourmis Care NJ LLC (collectively "Defendants"), by and through their attorneys of record, hereby answers Plaintiff's Complaint filed by Plaintiff Carenodes, LLC ("Plaintiff" or "Carenodes").

## ANSWER

### INTRODUCTION

1.  Defendants deny the allegations set forth in Paragraph 1.

2.  Paragraph 2 of the Complaint does not contain allegations of fact directed at the defendants to which an admission or denial is required.

3.  To the extent paragraph 3 of the Complaint refers to a document, the document speaks for itself. Biofourmis admits that it entered into a written agreement with Carenodes beginning in April 2021.

4.  To the extent paragraph 4 of the Complaint refers to a document, the document speaks for itself. Biofourmis denies all remaining allegations of Paragraph 4.

5.  Biofourmis admits that it sent a December 7, 2022 notice to Carenodes notifying Carenodes that it was in material breach of the parties' agreements. That document speaks for itself. Biofourmis denies all remaining allegations of Paragraph 5.

6.  Biofourmis lacks lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Carenodes' suspicions or investigation and therefore denies them. Biofourmis denies all remaining allegations of Paragraph 6.

7.  Defendants deny the allegations set forth in Paragaraph 7.

### JURISDICTION AND VENUE

8.  Paragraph 8(a) does not contain allegations of fact directed at the defendants to which an admission or denial is required. Defendants deny the allegations of subparagraphs (b), (c), and (d).

9.  Defendants admit.

10.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 10 and on that basis denies them.

**THE PARTIES**

11.    Paragraph 11 does not contain allegations of fact directed at the defendants to which an admission or denial is required.

12.    Defendants deny the allegations of Paragraph 12.

13.    Defendants deny the allegations of Paragraph 13.

14.    Defendants deny the allegations of Paragraph 14.

15.    Defendants deny the allegations of Paragraph 15.

16.    The allegations in paragraph 16 of the Complaint set forth a legal conclusion to which no response is required.

17.    The allegations in paragraph 17 of the Complaint set forth a legal conclusion to which no response is required.

18.    The allegations in paragraph 18 of the Complaint set forth a legal conclusion to which no response is required.

19.    Defendants deny the allegations of paragraph 19.

20.    Defendants deny the allegations of paragraph 20.

21.    The allegations in paragraph 21 of the Complaint set forth a legal conclusion to which no response is required. To the extent any response is required, defendants deny the allegations.

**FACTUAL ALLEGATIONS**

22.    Paragraph 22 does not contain allegations of fact directed at the defendants to which an admission or denial is required.

23.    Paragraph 23 does not contain allegations of fact directed at the defendants to which an admission or denial is required.

24.    Paragraph 24 does not contain allegations of fact directed at the defendants to which an admission or denial is required.

//

3

25.    Paragraph 25 does not contain allegations of fact directed at the defendants to which an admission or denial is required.

26.    Paragraph 26 does not contain allegations of fact directed at the defendants to which an admission or denial is required.

27.    Paragraph 27 does not contain allegations of fact directed at the defendants to which an admission or denial is required. To the extent any response is required, Defendants deny the allegations of Paragraph 27.

28.    Defendants deny that the allegations of Paragraph 28 accurately describes Biofourmis' "focus" or business activities.

29.    Defendants deny that the allegations of Paragraph 29 accurately describes Biofourmis' business activities. Defendants admit that a small number of Biofourmis' clients use clinical services.

30.    To the extent that Paragraph 30 refers to a document, the document speaks for itself. Biofourmis admits that it entered into an agreement with Carenodes to provide administrative functions in more than one state. Defendants deny the remaining allegations of Paragraph 30.

31.    Biofourmis admits that it is required to register an entity in each state in which that state's laws require it to do so as part of its business activities. Defendants deny the remaining allegations of Paragraph 31.

32.    Defendants admit that Biofourmis registered Bifourmis Care NJ LLC as a limited liability company in the state of New Jersey. Defendants deny any remaining allegations of Paragraph 32.

33.    Defendants admit that Biofourmis registered Bifourmis Care FL PLLC as a professional limited liability company in the state of Florida and that Biofourmis Care FL PLLC is or has been registered in the states listed in Paragraph 33.

34.    Defendants admit.

35.    To the extent that Paragraph 35 refers to a document, the document speaks for itself. Defendants deny all remaining allegations of Paragraph 35.

36.     Defendants admit.

37.     To the extent that Paragraph 37 refers to a document, the document speaks for itself. Defendants deny all remaining allegations of Paragraph 37.

38.     To the extent that Paragraph 38 refers to a document, the document speaks for itself. Defendants deny all remaining allegations of Paragraph 38.

39.     To the extent that Paragraph 39 refers to a document, the document speaks for itself. Defendants deny all remaining allegations of Paragraph 39.

40.     To the extent that Paragraph 40 refers to a document, the document speaks for itself. Defendants deny all remaining allegations of Paragraph 40.

41.     To the extent that Paragraph 41 refers to a document, the document speaks for itself. Defendants deny all remaining allegations of Paragraph 41.

42.     To the extent that Paragraph 42 refers to a document, the document speaks for itself. Defendants deny all remaining allegations of Paragraph 42.

43.     To the extent that Paragraph 43 refers to a document, the document speaks for itself. Defendants deny all remaining allegations of Paragraph 43.

44.     To the extent that Paragraph 44 refers to a document, the document speaks for itself. Defendants deny all remaining allegations of Paragraph 44.

45.     To the extent that Paragraph 45 refers to a document, the document speaks for itself. Defendants deny all remaining allegations of Paragraph 45.

46.     To the extent that Paragraph 46 refers to a document, the document speaks for itself. Defendants deny all remaining allegations of Paragraph 46.

47.     To the extent that Paragraph 47 refers to a document, the document speaks for itself. Defendants deny all remaining allegations of Paragraph 47.

48.     To the extent that Paragraph 48 refers to a document, the document speaks for itself. Defendants deny all remaining allegations of Paragraph 48.

49.     To the extent that Paragraph 49 refers to Carenodes' activities, Defendants lack sufficient knowledge or information to form a belief as to the trush of those allegations and therefore deny them. To the extent that Paragraph 49 refers

to a document, the document speaks for itself. Defendants deny all remaining allegations of Paragraph 49.

50.    To the extent that Paragraph 50 refers to a document, the document speaks for itself. Defendants deny all remaining allegations of Paragraph 50.

51.    To the extent that Paragraph 51 refers to a document, the document speaks for itself. Defendants deny all remaining allegations of Paragraph 51.

52.    Defendants admit that no written amendment to the agreement was executed. As to the remaining allegations of Paragraph 52, Defendants lack sufficient knowledge or information to form a belief as to the truth of those allegations, and therefore deny them.

53.    Defendants deny the allegations of Paragraph 53.

54.    Defendants admit that Biofourmis registered Biofourmis Care FL PLLC to do business in Texas, Pennsylvania, and Maryland. As to the remaining allegations of Paragraph 54, Defendants lack sufficient knowledge or information to form a belief as to the truth of those allegations, and therefore deny them.

55.    To the extent Paragraph 55's allegations refer to Carenodes' "invoicing system," Defendants lack sufficient knowledge or information to form a belief as to the truth of Paragraph 55's allegations, and therefore deny them. Defendants deny all remaining allegations of Paragraph 55.

56.    Defendants deny the allegations of Paragraph 56.

57.    Defendants lack sufficient knowledge or information to form a belief as to the truth of Paragraph 57's allegations, and therefore deny them.

58.    Defendants admit that on December 7, 2022, Biofourmis sent Carenodes a letter notifying Carenodes of its material breaches of the Agreements. Defendants deny any remaining allegations in Paragraph 58.

59.    To the extent that Paragraph 59 refers to a document, the document speaks for itself. Defendants deny all remaining allegations of Paragraph 59.

60.    To the extent that Paragraph 60 refers to a document, the document

1    speaks for itself. Defendants deny all remaining allegations of Paragraph 60.

2          61.    To the extent that Paragraph 61 refers to a document, the document

3    speaks for itself. Defendants deny all remaining allegations of Paragraph 61.

4          62.    To the extent that Paragraph 62 refers to a document, the document

5    speaks for itself. Defendants deny all remaining allegations of Paragraph 62.

6          63.    Defendants deny the allegations of Paragraph 63.

7          64.    Paragraph 64 does not contain allegations of fact directed at the

8    defendants to which an admission or denial is required.

9          65.    To the extent that the allegations of Paragraph 65 refer to documents,

10   those documents speak for themselves. Defendants lack sufficient knowledge or

11   information to form a belief as to the truth of the allegations as to Carenodes' conduct

12   or feelings and on that basis deny those allegations. The allegations of Paragraph of

13   65 are vague and unclear as to the meaning of "listed" and so Defendants are unable

14   to admit or deny those allegations of Paragraph 65 and on that basis deny those

15   allegations.

16         66.    To the extent that Paragraph 66 refers to a document, the document

17   speaks for itself. Defendants deny all remaining allegations of Paragraph 66.

18         67.    Defendants lack sufficient knowledge or information to form a belief

19   as to the truth of Paragraph 67's allegations, and therefore deny them.

20         68.    To the extent that Paragraph 68 refers to a document, the document

21   speaks for itself. Defendants deny all remaining allegations of Paragraph 68.

22         69.    To the extent that Paragraph 69 refers to documents, the documents

23   speak for themselves. Defendants deny all remaining allegations of Paragraph 69.

24         70.    To the extent that Paragraph 70 refers to a document, the document

25   speaks for itself. Defendants deny all remaining allegations of Paragraph 70.

26   //

27   //

28   //

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### Breach of Written Contract

### (Against Biofourmis)

71.    Defendants repeat their responses to Paragraphs 1 through 70 of the Complaint as if fully set forth here.

72.    Defendants admit.

73.    To the extent that Paragraph 73 refers to documents, the documents speak for themselves. Defendants deny any remaining allegations of Paragraph 73.

74.    Defendants deny the allegations of Paragraph 74.

75.    To the extent that Paragraph 75 refers to a document, the document speaks for itself. Defendants deny any remaining allegations of Paragraph 75.

76.    The allegations in Paragraph 76 set forth a legal conclusion to which no response is required. Biofourmis denies the allegations in Paragraph 76.

77.    The allegations in Paragraph 77 set forth a legal conclusion to which no response is required. Biofourmis denies the allegations in Paragraph 77.

78.    To the extent that Paragraph 78 refers to documents, the documents speak for themselves. The allegations in Paragraph 78 set forth a legal conclusion to which no response is required. Biofourmis denies the allegations in Paragraph 78.

79.    The allegations in Paragraph 79 set forth a legal conclusion to which no response is required. Biofourmis denies the allegations in Paragraph 79.

### SECOND CAUSE OF ACTION

### Breach of Oral Contract

### (Against Biofourmis)

80.    Defendants repeat their responses to Paragraphs 1 through 79 of the Complaint as if fully set forth here.

81.    Defendants admit.

82.    To the extent that Paragraph 82 refers to documents, the documents

8

1   speak for themselves. The allegations in Paragraph 82 set forth a legal conclusion to
2   which no response is required.

3       83.    Defendants deny the allegations of Paragraph 83.

4       84.    To the extent that Paragraph 84 refers to a document, the document
5   speaks for itself. Defendants deny any remaining allegations of Paragraph 84.

6       85.    The allegations in Paragraph 85 set forth a legal conclusion to which no
7   response is required. Biofourmis denies the allegations in Paragraph 85.

8       86.    The allegations in Paragraph 86 set forth a legal conclusion to which no
9   response is required. Biofourmis denies the allegations in Paragraph 86.

10      87.    The allegations in Paragraph 87 set forth a legal conclusion to which no
11  response is required. Biofourmis denies the allegations in Paragraph 87.

12      88.    Defendants deny the allegations in Paragraph 88.

### THIRD CAUSE OF ACTION

### Breach of Implied-in-Fact Contract

### (Against All Defendants)

16      89.    Defendants repeat their responses to Paragraphs 1 through 88 of the
17  Complaint as if fully set forth here.

18      90.    The allegations in Paragraph 90 set forth a legal conclusion to which no
19  response is required. Defendants deny the allegations in Paragraph 90.

20      91.    Defendants admit.

21      92.    To the extent that Paragraph 92 refers to documents, the documents
22  speak for themselves. The allegations in Paragraph 92 set forth a legal conclusion to
23  which no response is required.

24      93.    Defendants deny the allegations of Paragraph 93.

25      94.    To the extent that Paragraph 94 refers to a document, the document
26  speaks for itself. Defendants deny any remaining allegations of Paragraph 94.

27      95.    The allegations in Paragraph 95 set forth a legal conclusion to which no
28  response is required. Biofourmis denies the allegations in Paragraph 95.

DEFENDANTS' ANSWER AND
COUNTERCLAIM; 2:24-cv-10411-JC

96. The allegations in Paragraph 96 set forth a legal conclusion to which no response is required. Biofourmis denies the allegations in Paragraph 96.

97. The allegations in Paragraph 97 set forth a legal conclusion to which no response is required. Biofourmis denies the allegations in Paragraph 97.

98. Defendants deny the allegations in Paragraph 98.

<strong>FOURTH CAUSE OF ACTION</strong>

<strong>Breach of the Implied Covenant of Good Faith and Fair Dealings [<em>sic</em>]</strong>

<strong>(Against All Defendants)</strong>

99. Defendants repeat their responses to Paragraphs 1 through 98 of the Complaint as if fully set forth here.

100. The allegations in Paragraph 100 set forth a legal conclusion to which no response is required. Defendants deny the allegations in Paragraph 100.

101. Defendants deny the allegations in Paragraph 101.

102. Defendants deny the allegations in Paragraph 102.

103. Defendants deny the allegations of Paragraph 103.

104. To the extent that Paragraph 104 refers to documents, the documents speak for themselves. Defendants deny any remaining allegations of Paragraph 104.

105. The allegations in Paragraph 105 set forth a legal conclusion to which no response is required. Biofourmis denies the allegations in Paragraph 105.

106. Defendants deny the allegations in Paragraph 106.

<strong>FIFTH CAUSE OF ACTION</strong>

<strong>Unjust Enrichment / Restitution</strong>

<strong>(Against All Defendants)</strong>

107. Defendants repeat their responses to Paragraphs 1 through 106 of the Complaint as if fully set forth here.

108. Paragraph 108 does not contain allegations of fact directed to Defendants to which an admission or denial is required.

109. To the extent that Paragraph 109 refers to documents, the documents

1   speak for themselves. Defendants deny any remaining allegations of Paragraph 109.

2       110.   The allegations in Paragraph 110 set forth a legal conclusion to which

3   no response is required. Defendants deny the allegations in Paragraph 110.

4       111.   Defendants deny the allegations of Paragraph 111.

5       112.   Defendants deny the allegations of Paragraph 112.

6       113.   Defendants deny the allegations of Paragraph 113.

7       114.   The allegations in Paragraph 114 set forth a legal conclusion to which

8   no response is required. Biofourmis denies the allegations in Paragraph 114.

9       115.   The allegations in Paragraph 115 set forth a legal conclusion to which

10   no response is required. Biofourmis denies any remaining allegations in

11   Paragraph 115.

## SIXTH CAUSE OF ACTION

### Promissory Estoppel

### (Against the LLCs)

15       116.   Defendants repeat their responses to Paragraphs 1 through 115 of the

16   Complaint as if fully set forth here.

17       117.   Paragraph 117 does not contain allegations of fact directed to

18   Defendants to which an admission or denial is required.

19       118.   To the extent that Paragraph 118 refers to documents, the documents

20   speak for themselves. Defendants deny any remaining allegations of Paragraph 118.

21       119.   To the extent that Paragraph 119 refers to documents, the documents

22   speak for themselves. Defendants deny any remaining allegations of Paragraph 119.

23       120.   To the extent that Paragraph 120 refers to documents, the documents

24   speak for themselves. Defendants deny any remaining allegations of Paragraph 120.

25       121.   Defendants deny the allegations of Paragraph 121.

26       122.   Defendants deny the allegations of Paragraph 122.

27       123.   The allegations in Paragraph 123 set forth a legal conclusion to which

28   no response is required. Biofourmis denies the allegations in Paragraph 123.

124. Paragraph 124 does not contain allegations of fact directed to Defendants to which an admission or denial is required. The allegations in Paragraph 124 set forth a legal conclusion to which no response is required. Defendants deny any remaining allegations in Paragraph 124.

125. Paragraph 125 does not contain allegations of fact directed to Defendants to which an admission or denial is required. Defendants deny any remaining allegations in Paragraph 125.

126. Defendants deny the allegations of Paragraph 126.

127. The allegations in Paragraph 127 set forth a legal conclusion to which no response is required. Defendants deny any remaining allegations in Paragraph 127.

128. Defendants deny the allegations of Paragraph 128.

## SEVENTH CAUSE OF ACTION

### Intentional Misrepresentation (Fraud)

### (Against All Defendants)

129. Defendants repeat their responses to Paragraphs 1 through 128 of the Complaint as if fully set forth here.

130. Defendants admit.

131. The allegations in Paragraph 131 set forth a legal conclusion to which no response is required. Defendants deny any remaining allegations in Paragraph 131.

132. Defendants admit.

133. To the extent that Paragraph 133 refers to documents, the documents speak for themselves. Defendants lack sufficient knowledge or information to form a belief as to the vague remaining allegations of Paragraph 133 and on that basis deny them.

134. Defendants deny the allegations of Paragraph 134.

135. This paragraph repeats Paragraph 134. Defendants deny the allegations.

136.   Defendants deny the allegations of Paragraph 136.

137.   Defendants deny the allegations of Paragraph 137.

138.   The allegations in Paragraph 138 set forth a legal conclusion to which no response is required. Defendants deny any remaining allegations in Paragraph 138.

139.   Defendants deny the allegations of Paragraph 139.

140.   The allegations in Paragraph 140 set forth a legal conclusion to which no response is required. Defendants deny any remaining allegations in Paragraph 140.

## EIGHTH CAUSE OF ACTION

### Negligent Misrepresentation

### (Against All Defendants)

141.   Defendants repeat their responses to Paragraphs 1 through 140 of the Complaint as if fully set forth here.

142.   Defendants admit.

143.   The allegations in Paragraph 143 set forth a legal conclusion to which no response is required. Defendants deny any remaining allegations in Paragraph 143.

144.   Defendants admit.

145.   The allegations in Paragraph 145 set forth a legal conclusion to which no response is required. Defendants deny any remaining allegations in Paragraph 145.

146.   To the extent that Paragraph 146 refers to documents, the documents speak for themselves. Defendants lack sufficient knowledge or information to form a belief as to the vague remaining allegations of Paragraph 146 and on that basis deny them.

147.   Defendants deny the allegations of Paragraph 147.

148.   Defendants deny the allegations of Paragraph 148.

149.   Defendants deny the allegations of Paragraph 149.

150.   Defendants deny the allegations of Paragraph 150.

151.   The allegations in Paragraph 151 set forth a legal conclusion to which no response is required. Defendants deny any remaining allegations in Paragraph 151.

152.   Defendants deny the allegations of Paragraph 152.

153.   The allegations in Paragraph 153 set forth a legal conclusion to which no response is required. Defendants deny any remaining allegations in Paragraph 153.

## NINTH CAUSE OF ACTION

### Unfair Competition under

### California Business & Professions Code § 17200, et seq.

### (Against all Defendants)

154.   Defendants repeat their responses to Paragraphs 1 through 153 of the Complaint as if fully set forth here.

155.   Defendants admit.

156.   The allegations in Paragraph 156 set forth a legal conclusion to which no response is required. Defendants deny any remaining allegations in Paragraph 156.

157.   Defendants admit.

158.   To the extent that Paragraph 158 refers to documents, the documents speak for themselves. Defendants lack sufficient knowledge or information to form a belief as to the vague remaining allegations of Paragraph 158 and on that basis deny them.

159.   Defendants deny the allegations of Paragraph 159.

160.   Defendants deny the allegations of Paragraph 160.

161.   Defendants deny the allegations of Paragraph 161.

162.   The allegations in Paragraph 162 set forth a legal conclusion to which

no response is required. Defendants deny any remaining allegations in Paragraph 162.

163.   The allegations in Paragraph 163 and its subparagraphs set forth legal conclusions to which no response is required. Defendants deny any remaining allegations in Paragraph 163.

164.   The allegations in Paragraph 164 set forth a legal conclusion to which no response is required. Defendants deny any remaining allegations in Paragraph 164.

165.   The allegations in Paragraph 165 set forth a legal conclusion to which no response is required. Defendants deny any remaining allegations in Paragraph 165.

**TENTH CAUSE OF ACTION**

**Accounting**

**(Against All Defendants)**

166.   Defendants repeat their responses to Paragraphs 1 through 165 of the Complaint as if fully set forth here.

167.   The allegations in Paragraph 167 set forth a legal conclusion to which no response is required.

168.   The allegations in Paragraph 168 set forth legal conclusions to which no response is required. Defendants deny any remaining allegations in Paragraph 168.

169.   The allegations in Paragraph 169 set forth legal conclusions to which no response is required. Defendants deny any remaining allegations in Paragraph 169.

170.   Defendants deny the allegations of Paragraph 170.

171.   Paragraph 171 does not contain allegations of fact directed to Defendants to which an admission or denial is required.

//

//

//

15

## **PRAYER FOR RELIEF**

WHEREFORE, Defendants deny that Plaintiff is entitled to any relief it requests in its prayer for relief and that Plaintiff is liable for any of the alleged violations listed in the Complaint. Defendants respectfully request judgment in their favor and against Plaintiff on all of the causes of action alleged in the Complaint, for an award of attorneys' fees and costs, and for such other and further relief as the Court deems just and proper.

## **DEFENDANTS' AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to perform all conditions, covenants and promises required by it to be performed in accordance with the terms and conditions of the written contracts.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by a failure and/or lack of consideration, and no cause of action is stated.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants have fully performed the conditions and covenants required to be performed by it unless and until prevented from doing so by Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because a condition precedent to Defendant's duty to perform has not yet occurred, namely Plaintiff's failure to perform.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, unclean hands, and waiver.

16

1

SEVENTH AFFIRMATIVE DEFENSE

2     Plaintiff's claims are barred, in whole or in part, because Plaintiff would be

3  unjustly enriched if it prevailed on the Complaint.

4

EIGHTH AFFIRMATIVE DEFENSE

5     Plaintiff's claims are barred, in whole or in part, because Defendants have

6  substantially complied with their obligations under the law given the lack of

7  performance by Plaintiff.

8

NINTH AFFIRMATIVE DEFENSE

9     Plaintiff's claims are barred, in whole or in part, because if Plaintiff is entitled

10  to any compensation, which Defendants expressly denies, such compensation is

11  reflective only of the value of services actually performed.

12

TENTH AFFIRMATIVE DEFENSE

13     Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to

14  deliver the performance that served as consideration for the agreement.

15

ELEVENTH AFFIRMATIVE DEFENSE

16     Plaintiff's claims are barred, in whole or in part, because one or more of the

17  alleged contracts lacked consideration and are thus unenforceable.

18

TWELFTH AFFIRMATIVE DEFENSE

19     Plaintiff's claims are barred, in whole or in part, because Defendants acted

20  reasonably and in good faith in their dealings with Plaintiff, based on all relevant

21  facts and circumstances known by them at the times that they acted.

22

THIRTEENTH AFFIRMATIVE DEFENSE

23     Plaintiff's claims are barred, in whole and in part, because Plaintiff's

24  omissions, conduct, and voluntary acts proximately caused, or otherwise contributed

25  to, the matters of which it complains.

26

FOURTEENTH AFFIRMATIVE DEFENSE

27     Plaintiff's claims are barred, in whole and in part, because Plaintiff has failed

28  to mitigate damages regarding the matters of which it complains.

1    RESERVATION OF RIGHTS AND DEFENSES

2    Defendants reserve the right to raise additional defenses as they becomes

3    aware of them.

4    **COUNTERCLAIM**

5    Pursuant to Rule 13, Federal Rules of Civil Procedure, Defendant Biofourmis,

6    Inc. ("Biofourmis") counterclaims against Carenodes, LLC ("Carenodes") as

7    follows:

8    **THE PARTIES**

9    1.    Biofourmis is a Delaware corporation with its principal place of

10   business in Needham, Massachussetts.

11   2.    On information and belief, Carenodes is a California limited liability

12   company, with its principal place of business in Los Angeles, California.

13   **JURISDICTION AND VENUE**

14   3.    This Court has subject matter jurisdiction over these counterclaims

15   pursuant to 28 U.S.C. § 1332.

16   4.    This Court has personal jurisdiction over Carenodes because, on

17   information and belief, Carenodes and its owner are located in the State of California.

18   In addition, this Court has personal jurisdiction over Carenodes because it sued

19   Biofourmis in this lawsuit.

20   5.    Venue in this district is proper pursuant to 28 U.S.C. § 1391.

21   **FACTUAL ALLEGATIONS**

22   6.    On or about April 13, 2022, Biofourmis and Carenodes entered into a

23   written contract entitled "Master Services Agreement" (hereinafter "MSA") whereby

24   Carenodes agreed to provide services to Biofourmis directly or through

25   subcontractors. A true and correct copy of the MSA was attached as Exhibit A to

26   Carenodes' Complaint in this litigation and is incorporated hereto as if fully set forth

27   herein.

28   7.    Less than a month later, on or about May 4, 2022, Biofourmis and

Carenodes entered into a further agreement entitled "Amendment 1" to the MSA, whereby Carenodes promised to provide certain Services to Biofourmis relating to the States of California, Colorado, New Jersey, and Ohio. A true and correct copy of Amendment 1 was attached as Exhibit C to Carenodes' Complaint in this litigation and is incorporated hereto as if fully set forth herein.

8.      Shortly thereafter, on May 18, 2021, Biofourmis and Carenodes entered into a Statement of Work ("SOW") whereby Carenodes promised to provide certain Services to Biofourmis in the State of New York. A true and correct copy of the SOW was attached as Exhibit B to Carenodes' Complaint in this litigation and is incorporated hereto as if fully set forth herein.

9.      On or about June 1, 2022, Biofourmis and Carenodes entered into a further agreement entitled "Amendment 2" to the MSA, whereby Carenodes Services to Biofourmis relating to the States of North Carolina, New York, and Florida were to be transferred back to Biofourmis and no longer handled by Carenodes. A true and correct copy of Amendment 2 was attached as Exhibit D to Carenodes' Complaint in this litigation and is incorporated hereto as if fully set forth herein.

10.      On or around the same time, Bifourmis and Carenodes entered into another modification, entitled "Amendment 3" to the MSA, whereby Carenodes was to provide Services to Biofourmis relating to the State of New Mexico. A true and correct copy of Amendment 3 was attached as Exhibit E to Carenodes' Complaint in this litigation and is incorporated hereto as if fully set forth herein.

11.      Carenodes billed Biofourmis as if it had fully performed all of its obligations under the MSA, SOW, and Amendments 1 through 3, and between April and October 2022, Biofourmis paid Carenodes $543,446.31.

12.      Carenodes did not fulfill its obligations under the parties' contracts. Specifically, but not exhaustively:

a. Under the MSA, Carenodes failed to establish incentive, shared savings, and mechanisms to augment Biofourmis' revenue stream or

to develop a care pathway model based on episodes of care to mitigate capitation risk at the primary care level;

b. Under the SOW, Carenodes failed to provide malpractice insurance;

c. Under Amendment 1, Carenodes failed to facilitate or create a single contract in the states of California, Colorado, or Ohio; and

d. Under Amendment 3, Carenodes failed to provide any services in the State of New Mexico.

13. As provided for in the MSA, Biofourmis sent a Notice of Termination to Carenodes on or around December 5, 2022, notifying Carenodes of its material breaches and of Biofourmis' intention to terminate the parties' MSA for cause or, in the alternative, for convenience, pursuant to the MSA's terms.

14. On or around December 8, 2022, Careformis' owner, Alex Yarijanian, acknowledged the termination in writing and represented that Carenodes would not bill Biofourmis further.

15. On or around December 16, Yarijanian sent a response letter, but did not cure the breaches identified by Biofourmis.

16. Biofourmis responded to Carenodes' "Response to Notice of Termination" in a detailed letter dated January 5, 2023 and reiterated the termination of the MSA. The termination was effective January 6, 2023.

17. Biofourmis transitioned all of the services previously provided by Carenodes to entities that were controlled by, and whose Medical Directors were, Biofourmis' Chief Medical Officer, Dr. Maulik Majmudar.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### Breach of Written Contract

18. Counterclaimant incorporates all preceding allegations as if set forth herein.

19. Biofourmis entered into the MSA, the SOW and Amendments 1, 2 and

1 | 3 with Carenodes.

2 | 20.    As previously alleged, Carenodes breached its obligations under these
3 | written agreements.

4 | 21.    Biofourmis either performed all of its obligations under these
5 | agreements or was excused or prevented from performing them.

6 | 22.     As a result of Carenodes' breaches, Biofourmis has sustained damages
7 | in an amount to be determined at trial, in excess of $200,000 in actual damages, plus
8 | costs, interest and attorneys' fees.

9 | **SECOND CAUSE OF ACTION**

10 | **Breach of the Implied Covenant of Good Faith & Fair Dealing**

11 | 23.    Counterclaimant incorporates all preceding allegations as if set forth
12 | herein.

13 | 24.    Biofourmis entered into the MSA, the SOW and Amendments 1, 2 and
14 | 3 with Carenodes whereby Carenodes promised to provide services in various States.

15 | 25.    The agreements, as all contracts, contained an implied covenant of good
16 | faith and fair dealing.

17 | 26.    Carenodes subsequently breached this implied covenant by billing and
18 | invoicing Biofourmis for services that it had not provided and/or could not provide.

19 | 27.    Carenodes also breached the implied covenant by purporting to
20 | cooperate in Biofourmis' transition away from Carenodes' services under the MSA,
21 | when in fact Carenodes intended to later assert that it had continued to provide
22 | services.

23 | 28.    As a result of Carenodes' breach of the implied covenant, Biofourmis
24 | has suffered damages in an amount to be determined at trial, plus costs, interest and
25 | attorneys' fees.

26 | **PRAYER FOR RELIEF**

27 | Biofourmis prays for judgment and relief on its counterclaim against
28 | Carenodes as follows:

1.  Monetary damages in an amount to be determined at trial, but no less than $200,000;

2.  An order awarding Biofourmis its costs of suit;

3.  Pre- and post-judgment interest;

4.  An award of its attorneys' fees; and

5.  Such other relief as the Court may deem just and proper.

Dated:        January 7, 2025                    JORGENSON, SIEGEL, MCCLURE & FLEGEL LLP


By: */s/ Gregory K Klingsporn*
Gregory K. Klingsporn

*Attorney for Defendants*
*BIOFOURMIS INC., BIOFOURMIS*
*CARE FL PLLC, and BIOFOURMIS*
*CARE NJ LLC*


## **DEMAND FOR JURY TRIAL**

Biofourmis demands a trial by jury on each of its claims that are triable before a jury.

Dated:        January 7, 2025                    JORGENSON, SIEGEL, MCCLURE & FLEGEL LLP


By: */s/ Gregory K Klingsporn*
Gregory K. Klingsporn

*Attorney for Defendants*
*BIOFOURMIS INC., BIOFOURMIS*
*CARE FL PLLC, and BIOFOURMIS*
*CARE NJ LLC*

**DEFENDANTS' ANSWER AND COUNTERCLAIM; 2:24-CV-10411-JC**